IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| United States of America, for and on behalf of Maverick Construction Services, LLC, and CBC of Charleston, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> G.M. Hill Engineering, Inc., and Fidelity and Deposit Company of Maryland, Inc., <br><br> Defendants. | C/A No. 9:26-cv-01249-DCN <br><br><br> **COMPLAINT** <br><br> **(JURY DEMAND)** <br><br> Miller Act Bond Claim <br> Breach of Contract; and <br> Quantum Meruit |

NOW COMES Plaintiff, United States of America for the use and benefit of Maverick Construction Services, LLC (hereinafter Plaintiff or "Maverick") and CBC of Charleston, Inc. (CBC), which bring this action, and will show unto this Honorable Court the following:

**THE PARTIES, JURISDITION AND VENUE**

1.      This claim is brought in the name of the United States of America for the use and benefit of Maverick pursuant to 40 U.S.C. § 3133(b)(3)(A), and by Maverick in its own right to recover amounts due it pursuant to a subcontract and a Miller Act payment bond.

2.      The Plaintiff, Maverick, is a limited liability company duly organized and existing under the laws of the State of South Carolina and is in the construction business.

3.      The Plaintiff, CBC, is a corporation duly organized and existing under the laws of the State of South Carolina and is in the roofing business.

4.      Maverick and CBC are hereinafter collectively identified as ("Plaintiffs").

5.      The Defendant G.M. Hill Engineering, Inc. (hereinafter "Hill") is a corporation duly organized and existing under the laws of the State of Florida, is in the business of federal government contracting, and conducts business in South Carolina.

6.      The Defendant Fidelity and Deposit Company of Maryland (hereinafter "Fidelity") is, upon information and belief, a corporation that is authorized to do business in and conducts business in the State of South Carolina and issued payment bond No. PRF9411874 to Hill as required by the Miller Act to guarantee payment for services, labor and material performed by subcontractors on a federal government construction project. See Bond attached hereto as **Exhibit A**.

7.      This Court has jurisdiction of this action pursuant to 40 U.S.C. §§3131 and 3133. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this judicial district because the claim arose and the work was performed in this District.

## FACTUAL ALLEGATIONS

9.      The Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth here.

10.     Hill entered into Contract Nos. N4008518D0632/N4008523F5935 with NAVFAC SYSCOM Mid-Atlantic, an agency of the United States government (hereinafter "the government"), for roof repairs at building B6005 Paris Island, S.C. (hereinafter "the Project"). The contract was a "design-build" contract wherein Hill was required to design the work on the project.

11.     In connection with work on the Project, Hill entered a subcontract with Maverick (hereinafter "the Subcontract") to provide certain labor, materials, and equipment relating to the roofing work on the Project. See Subcontract attached hereto as **Exhibit B.**

12.     Maverick in turn subcontracted with CBC to provide labor, materials and equipment to perform the roofing work on the Project.

13.     Maverick and CBC completed the work on the project within one year of the date of the filing of this Complaint.

**FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract as to Defendant Hill)**

14.     The Plaintiffs incorporate by reference each and every preceding allegation as though fully set forth herein.

15.     Maverick and CBC supplied labor and materials on the Project in performance of their obligations under the Subcontract and as requested and directed by Hill.

16.     During the course of the project, Hill made changes to the work and directed Maverick and CBC to perform the changed work on the project.

17.     Maverick and CBC performed the work required by the Subcontract and the additional work as directed by Hill.

18.     Maverick submitted invoices and requests for time extensions to Hill for the work originally required and as changed by Hill.

19.     Despite repeated requests for payment, Hill has failed and refuses to pay Maverick for the work performed on the project and the additional changed work.

20.     By letter dated January 13, 2026, Maverick submitted a demand for payment to Hill pursuant to S.C. Code Ann. § 27-1-15; however, Hill failed to respond to the demand.

21.    The failure by Hill to pay Maverick is a breach of the Subcontract.

22.    As a direct and proximate result of the breach by Hill, Maverick has been damaged and is entitled to actual damages of Two Hundred Seventy-Nine Thousand One Hundred Forty and 27/100 ($279,140.27) Dollars and is entitled to interest and attorneys' fees as provided by § 27-1-15 of the South Carolina Code.

**FOR A SECOND CAUSE OF ACTION**
**(Quantum Meruit as to Defendant Hill)**

23.    The Plaintiffs incorporate by reference each and every preceding allegation as though fully set forth herein.

24.    Plaintiffs provided Hill valuable labor, services, and materials for respective tasks on the Project under contract with the government.

25.    Plaintiffs otherwise provided and Hill received valuable labor, services and materials that were necessary for Hill to perform and complete its obligations under the contract with the government.

26.    Hill benefited from Plaintiffs' labor, services, and materials.

27.    Hill failed and refused to pay Maverick for the reasonable value of the labor, services and materials referenced herein.

28.    A reasonable person or entity, in the ordinary course of common events, would expect to pay for the services provided by Plaintiffs.

29.    Plaintiffs have suffered damage and Hill has been unjustly enriched as a result of Hill's failure to compensate Plaintiffs for the reasonable value of the labor, materials and services provided to the Project.

30.    As a direct and proximate result of its unjust enrichment as described above, Hill is liable to Maverick for the reasonable value of labor, materials and services provided, plus the incidental, consequential, and special damages related thereto, including the costs, interest, and attorney's fees associated with this matter.

### FOR A THIRD CAUSE OF ACTION
### (Miller Act Bond Claim as to Defendant Fidelity)

31.    The Plaintiffs incorporate by reference each and every allegation in preceding paragraphs as though fully set forth herein.

32.    Maverick and CBC provided services, labor, material and equipment necessary and as requested by Hill to complete the work on the Project; however, Hill has failed to pay the amount due.

33.    As a direct and proximate result of Hill's failure to pay Maverick and CBC for their labor, material and services provided in connection with the Subcontract, and pursuant to the terms of the Miller Act, Maverick and CBC are entitled to payment in the amount of Two Hundred Seventy-Nine Thousand One Hundred Forty and 27/100 ($279,140.27) Dollars from Fidelity pursuant to the Miller Act.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for actual damages of Two Hundred Seventy-Nine Thousand One Hundred Forty and 27/100 ($279,140.27) Dollars, damages allowed under the Miller Act, plus interests, attorney's fees as may be allowed by law, costs and for such other and further relief as this Court deems just and proper.

[Signature block on following page]

Respectfully submitted,

ROBERTSON HOLLINGSWORTH MANOS & RAHN, LLC

 /s/*Theodore L. Manos*

Theodore L. Manos, Federal Bar No. 7023
40 Calhoun Street, Suite 330
Charleston, South Carolina 29403
Telephone: (843) 723-6470
TLM@roblaw.net
**Attorneys for Plaintiffs**

March 23, 2026

Charleston, South Carolina